Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000083
29-MAR-2018
07:54 AM

NO. CAAP-17-0000083

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

OCWEN LOAN SERVICING, LLC, Plaintiff-Appellee,
v.
STEVEN J. CHELMINIAK; TERESA M. CHELMINIAK,
Defendants-Appellants
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, FSB,
NOW KNOWN AS BANK OF AMERICA, NATIONAL ASSOCIATION;
THE ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-0230)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Leonard and Ginoza, JJ.)

Defendants-Appellants Steven J. Chelminiak and Teresa M. Chelminiak (the **Chelminiaks**) appeal from the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure" (**Order Granting Foreclosure**) and Judgment both entered on January 19, 2017, in

favor of Plaintiff-Appellee Ocwen Loan Servicing, LLC (**Ocwen**), in the Circuit Court of the Third Circuit (**circuit court**).[1]

On appeal, the Chelminiaks contend that the circuit court erred (1) in granting summary judgment in favor of Ocwen because Ocwen failed to prove its entitlement to enforce the note and (2) by concluding that Ocwen was entitled to judgment as a matter of law despite the evidence the Chelminiaks presented on their affirmative defense of unclean hands.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Chelminiaks' points of error as follows, and we vacate and remand.

In <u>Bank of America, N.A. v. Reyes-Toledo</u>, the Hawai'i Supreme Court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i 361, 367-70, 390 P.3d 1248, 1254-57 (2017). The holding in <u>Reyes-Toledo</u> is dispositive in this case.

The supreme court stated that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." <u>Id.</u> at 367, 390 P.3d at 1254 (citing <u>Bank of Honolulu, N.A. v. Anderson</u>, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." <u>Id.</u> (citations omitted). The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" <u>Id.</u> (brackets omitted) (quoting <u>Mottl v. Miyahira</u>, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The supreme court

---

[1] The Honorable Greg K. Nakamura presided.

further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255 (citation omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the supreme court reasoned: "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In the instant case, OneWest Bank, FSB (**OneWest**) filed the Complaint for Foreclosure (**Complaint**) on March 27, 2013. Ocwen was subsequently substituted for OneWest.[2] Further, like the foreclosing bank in Reyes-Toledo, Ocwen was granted a decree of foreclosure via a summary judgment ruling. In support of its summary judgment motion, Ocwen attached, *inter alia*, the following to establish its standing to foreclose: (1) a "Declaration in Support of Plaintiff's Motion for Summary Judgment" executed on January 11, 2016, by Morgan Battle Ames (**Ames**) to which the Fixed/Adjustable Rate Note (**Note**) and allonge are attached as Exhibit 1; and (2) an "HRS § 667-17 Affirmation"

---

[2]   On December 12, 2014, OneWest filed a motion to substitute Ocwen as plaintiff. OneWest's counsel, Peter Stone (**Stone**), attested that "[w]hen the complaint was filed, [OneWest] qualified as the Note holder with standing to prosecute the action as the Note was endorsed in blank, thereby converting the Note to a bearer instrument, and because [OneWest] was in rightful possession of the endorsed Note." Stone further attested that Ocwen "is the current holder of the Note and entitled to enforce the Note. [Ocwen] has standing to prosecute this action." On October 12, 2015, the circuit court granted OneWest's motion and Ocwen was substituted for OneWest as plaintiff.

Stone's declaration does not provide admissible evidence to establish that OneWest held the blank endorsed note at the time the Complaint was filed. Rule 56(e) of the Hawaiʻi Rules of Civil Procedure provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Stone's declaration fails to meet these requirements. Stone's declaration also is not in compliance with the requirements for an attorney affirmation under HRS § 667-17 (2016).

executed by Keoni Souza (**Souza**), counsel for Ocwen in this case.[3] Ames's declaration attests, in relevant part, that "[Ocwen] is in possession of an original promissory note dated 11/19/2007 in the principal amount of $539,000.00 executed by [Steven J. Chelminiak] in favor of American Lending Group, Inc." and that the "Note is endorsed in blank." The Note is endorsed by American Lending Group, Inc. payable to IndyMac Bank, F.S.B., and endorsed by IndyMac Bank, F.S.B in blank payable to bearer on an allonge to the Note. The Note was not attached to the Complaint. Souza's attorney affirmation states that "I affirm that, to the best of my knowledge, information and believe [sic], the Summons, and Complaint and other papers filed or submitted to the Court in this matter contain no false statement of fact or law and that Plaintiff has legal standing to bring this foreclosure action."[4] Thus, although Ocwen produced evidence that it possessed the Note at the time it sought summary judgment, it failed to establish that OneWest possessed the blank-endorsed Note at the time OneWest filed the foreclosure Complaint. Like in <u>Reyes-Toledo</u>, the evidence fails to demonstrate that OneWest was entitled to enforce the Note at the time this action was commenced. 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

Further, there is no additional evidence to show that OneWest was entitled to enforce the Note when the Complaint was filed. The Complaint simply states that "[OneWest] is the holder of the Note and record assignee of the Mortgage." The Note and allonge are not attached to the Complaint and there is no verification or other evidence submitted verifying that OneWest held the blank endorsed Note at the time the Complaint was filed.

---

[3] Hawaii Revised Statutes (**HRS**) § 667-17 (Supp. 2013) was adopted in 2012 (effective June 28, 2012) and amended in 2014 (effective April 23, 2014). The 2014 amendment to HRS § 667-17 further required that the "affirmation shall be filed with the court at the time that the action is commenced[.]" 2014 Haw. Sess. Laws Act 37, § 1 at 87. Because OneWest filed its Complaint after June 28, 2012, but before April 23, 2014, OneWest, and subsequently Ocwen, was not required to file its attorney affirmation with the Complaint.

[4] Souza's attorney affirmation identifies Ocwen, not OneWest, as the Plaintiff, and is based on information Souza obtained from a representative of Ocwen, not OneWest.

Viewing the facts and inferences in the light most favorable to the Chelminiaks, there is a genuine issue of material fact as to whether OneWest had standing at the time this foreclosure action was commenced.  Therefore, under Reyes-Toledo, the circuit court erred in granting the motion for summary judgment.

Given the above, we need not address the Chelminiaks' remaining points of error on appeal.[5]

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure" and the Judgment both entered on January 19, 2017, in the Circuit Court of the Third Circuit, are vacated.  This case is remanded to the circuit court for further proceedings.

DATED:  Honolulu, Hawaiʻi, March 29, 2018.

On the briefs:

Richard T. Forrester,
for Defendants-Appellants.

J. Blaine Rogers,
Lori King Stibb,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

---

[5]  Ocwen notes on appeal that if Reyes-Toledo is applicable, that remand to the circuit court may be warranted.  However, Ocwen requests that in light of the supreme court's decision in Deutsche Bank Nat'l Trust Co. v. Kozma, that we clarify that the Chelminiaks are not the prevailing party and deny an award of costs under Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 39.  140 Hawaiʻi 494, 498-99, 403 P.3d 271, 275-76 (2017).  Like the mortgagor in Kozma, the Chelminiaks are not the "prevailing party" entitled to attorney's fees pursuant to HRS § 607-14 because this court's order puts the Chelminiaks' "back in the place [they] started" with regard to the foreclosure action without addressing a "disputed main issue."  Id.  As for an award of costs under HRAP Rule 39, we will address that issue if and when such a request is made.